Informal Opinion No. 2011-1 Daniel Hoffman City Attorney City of Ithaca City Hall, 4th Floor
108 East Green Street Ithaca, New York 14850
Dear Mr. Hoffman:
You have joined in a request for opinion submitted by counsel to the Ithaca Housing Authority ("Housing Authority") asking whether the City may adopt a local law that would relax the residency requirements for the members of the Housing Authority's board, permitting them to reside anywhere in the County rather than requiring them to reside within the City, as under current law. As explained below, we conclude that the City is not so authorized.
The Housing Authority was created by Public Housing Law § 429. It constitutes a "body corporate and politic." Id. It is organized pursuant to the provisions of the Public Housing Law and possesses the powers and duties conferred upon municipal housing authorities by that law. Id. Additionally, "the authority, its members, officers and employees and its operations and activities shall in all respects be governed" by the provisions of the Public Housing Law. Id. Its members are, for the most part, appointed by the mayor of the City, [1]id. § 30(2), and its territorial jurisdiction is coterminous with the territorial limits of the City, id. § 31.
This office has previously opined that the members of a public housing authority board are "local officers", see Public Officers Law § 2, and, as a result, must reside within the municipal corporation for which they are selected or within which their official functions are required to be exercised both at the time of appointment and throughout their terms in accord with Public Officers Law § 3(1). *Page 2 See Op. Att'y Gen. (Inf.) No. 95-19; Op. Att'y Gen. (Inf.) No. 88-45; 1941 Op. Att'y Gen. 154. Counsel to the Housing Authority has explained that two of its members have moved out of the City but still would like to serve as members of the Housing Authority.[2] Thus he has raised the question of whether the City is authorized to adopt a local law that would allow members of the Housing Authority to reside within the County rather than within the City.
We previously have concluded that the home rule powers of a local government, which includes a city, authorize it to adopt a local law that extends the jurisdiction within which its public officers must reside. See, e.g., Op. Att'y Gen. (Inf.) No. 97-11 (town may adopt local law requiring that the town attorney be a county, rather than a town, resident); Op. Att'y Gen. (Inf.) No. 87-32 (city may adopt local law requiring its appointive officers reside within the county). This home rule authority is granted, however, only with respect to a local government's own officers. See
Municipal Home Rule Law § 10(1)(ii)(a)(1). Because the Housing Authority is an independent corporation, its members, though "local officers" as opposed to "state officers" for purposes of Public Officers Law § 2, are not officers of the City. See Op. Att'y Gen. (Inf.) No. 96-40 (members of the Buffalo Municipal Housing Authority board are "legally independent of the city government of the City of Buffalo"). As a result, we conclude that the City is not authorized to adopt a local law that alters the requirement that Authority board members reside within the City.
This conclusion is consistent with previous opinions of this office in which we concluded that a local government's home rule authority did not allow it to adopt a local law affecting other types of independent local public corporations. For example, in Op. Att'y Gen. (Inf.) No. 2007-6, we opined that the city of Elmira could not use its home rule power to amend its charter to abolish an independent water board or to alter the method of selection of the water board's members from that provided by state law. In Op. Att'y Gen. (Inf.) No. 98-21, we concluded that the Ithaca common council could not adopt a local law modifying the terms of office of the members of the Ithaca Urban Renewal Agency, a public benefit corporation established by state law. In Op. Att'y Gen. (Inf.) No. 81-117, we considered whether a county could transfer from the county legislature to the county executive the power to appoint members of the county industrial development agency ("IDA"), a public benefit corporation. In concluding that the county could not, we explained that the question concerned "a State-created instrumentality. The . . . IDA is not a part of the county government; the IDA's powers are derived directly from the State, *Page 3 
not from or through the county. The county's relationship to the . . . IDA is determined not by home rule but by the Legislature."Id.
Thus, in summary, we conclude that the City cannot use its home rule authority to extend the residency requirement established for members of the Housing Authority board by Public Housing Law § 429 from the boundaries of the City to the boundaries of the County.
The Attorney General issues formal opinions only to officers and departments of state government. Thus, this is an informal opinion rendered to assist you in advising the municipality you represent.
Very truly yours,
KATHRYN SHEINGOLD Assistant Solicitor General in Charge of Opinions
[1] Two of its members are elected by the residents of the Authority's housing. Public Housing Law § 30(5).
[2] Counsel to the Housing Authority has recognized that the members have vacated their offices upon ceasing to be inhabitants of the City. Public Officers Law § 30(1)(d); see also Op. Att'y Gen. (Inf.) No. 95-19 (failure to comply with residency requirement creates vacancy by operation of law). *Page 1